1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTHONY RAUL GUERRERO,              )   Case No.: 1:14-cv-00506-BAM
                                          )
12                  Plaintiff,            )   **ORDER REGARDING PLAINTIFF'S**
                                          )   **SOCIAL SECURITY COMPLAINT**
13          v.                            )
                                          )
14    CAROLYN W. COLVIN, Acting           )
      Commissioner of Social Security,    )
15                                        )
                    Defendant.            )
16    _____)

17

18                            __INTRODUCTION__

19          Plaintiff Anthony Raul Guerrero ("Plaintiff") seeks judicial review of a final decision of the

20    Commissioner of Social Security ("Commissioner") denying his application for supplemental security

21    income ("SSI") pursuant to Title XVI of the Social Security Act.[1] The matter is currently before the

22    Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge

23    Barbara A. McAuliffe.[2]   After a careful and complete review of the record, the court finds that

24    _____

25    [1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule
      25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the
26    defendant in this suit.
      [2]      The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 9).  For that reason, the
27    action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73;
      *see also* L.R. 301, 305.

28

                                              1

Plaintiff is not disabled within the meaning of the Act. Accordingly, the Court affirms the Commissioner's determination to deny benefits.

### BACKGROUND

**A.      Procedural Posture**

On December 10, 2009, Plaintiff filed an application for SSI benefits alleging disability beginning June 1, 2004. AR 260. Plaintiff's claim was denied both initially on March 24, 2010, and upon reconsideration on December 10, 2010. AR 88, 95. Plaintiff requested and received a hearing before the Administrative Law Judge ("ALJ"). AR 10. On September 19, 2012, the ALJ issued an order denying benefits. AR 13. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 20, 2013. AR 4. This appeal followed.

**B.      Hearing Testimony**

On August 16, 2012, ALJ Major Williams, Jr., presided over a hearing by video teleconference from Oakland, California. AR 16. Plaintiff appeared and testified from Avenal State Prison where he was incarcerated at the time of the hearing.  AR 54.  Plaintiff was represented by attorney Jonathan O. Peña in Fresno, California. AR 16. Ronald Morrell, a vocational expert, also appeared and testified from Fresno. AR 16.

Plaintiff was born on January 1, 1976 and was 36 years old at the time of the hearing. AR 54, 56. Plaintiff completed the eighth grade, dropped out during the ninth, and never went back for a GED. AR 57.  He was never in special education classes, nor did he acquire vocational training or college credits. AR 57.

Plaintiff's last jobs held were in 2004 with Dollar Tree, where Plaintiff worked "for about a week," and Beef Packers where Plaintiff worked washing trucks for about two weeks. AR 57, 283. Over the preceding fifteen years, Plaintiff testified that he has never worked longer than one month. AR 59.

When asked about his physical impairments, Plaintiff testified that he developed diabetes when he was fourteen years old and has been on insulin since that time. AR 72. He gets tired and weak from working because of his diabetes, and he does not think he can hold a full-time job. AR 61–62. Plaintiff would require two three-hour rest breaks in a typical work day because of fatigue. AR 68–69.  Plaintiff

2

also underwent surgery in one eye for cataracts that developed from his diabetes. AR 77. He experiences nausea and vomiting three to four times a month. AR 78. Oftentimes, Plaintiff wakes up with swollen, stiff, and brittle hands in the morning. AR 62. It takes about an hour for the swelling to go down. AR 63. Plaintiff's hands hurt when he turns a door knob. AR 64. He does not think he can lift more than a gallon of milk. AR 64. He also cannot lift above his shoulder on his left side. AR 68. Plaintiff does not have problems brushing his teeth or combing his hair. AR 65.

When asked about his current treatment, Plaintiff testified that he takes Ibuprofen, which reduces the pain in his hands from an eight to a three on a ten-point scale. AR 66–67. Plaintiff also takes Ibuprofen every time his shoulders are in pain.  AR 67.  In prison, Plaintiff is given insulin and sugar tablets for his diabetes, but he has no special dietary restrictions and eats the same meal plan as the rest of the prisoners. AR 69–71. While Plaintiff testified that he does not do as much as other people because of his diabetes, he is not formally excused from work or other activities. AR 70–71.

Plaintiff is able to sit for long periods of time, but he would need to take a break after approximately twenty minutes if he was required to stand or walk. AR 73–75. Occasionally, he has trouble with concentration but is able to sit through and stay engaged in his three-hour substance abuse class. AR 75, 76.

Ronald Morrell, the vocational expert ("VE"), summarized Plaintiff's work history. AR 80. VE Morrell characterized Plaintiff's truck-washing job at Beef Packers as a Cleaner II, with an appropriate Dictionary of Occupational Titles ("DOT") code 929.687-014. AR 80. This job is classified as medium but was performed at the light exertion level with maximum lift and carry not exceeding ten pounds. AR 80. Plaintiff's work as a cashier at Dollar Tree is classified as light and unskilled, but his stocking work is classified as medium and unskilled. AR 80.

In a first hypothetical question, the ALJ asked the VE whether a hypothetical individual with Plaintiff's vocational profile would be capable of performing his past work if he were limited to light work, with difficulty gripping items, and occasionally lifting and carrying twenty pounds. AR 81–82. The VE determined that the individual would be capable of performing Plaintiff's past work as Plaintiff performed it. AR 82. The VE testified that if an individual were further limited by

unscheduled breaks or absences due to diabetes—as Plaintiff described—this would likely preclude past work as well as all other competitive employment. AR 83–84.

When asked a second hypothetical involving an individual with Plaintiff's vocational profile with no postural limitations but restricted to sedentary work and only occasional gross and fine manipulation, the VE determined these limitations would preclude Plaintiff's past work, and there would be no other work that the individual could perform in the national economy. AR 82.

**C.      Medical Record**

A summary of Plaintiff's medical records shows a history of hypoglycemia, insulin dependent diabetes mellitus, but Plaintiff is generally asymptomatic when he is compliant with his insulin schedule and doctors' recommendations. AR 341, 345, 393, 397, 441. Plaintiff also complains of shoulder pain, with a diagnosis of chronic right rotator cuff tendonitis. AR 535. In August 2011, X-rays of the bilateral shoulders were normal and unremarkable. AR 575. Likewise, in July 2011, complaints of hand pain were accompanied by X-rays otherwise normal with an unspecified arthritic change. AR 578. Plaintiff's vision complaints are related to cataracts with uncorrected vision at 20/200 and 20/40, and corrected vision at 20/20. AR 400.

The only physicians' opinion evidence consists of state agency opinions from Drs. Damania and Spellman.   In October 2010, State agency consultant Rustom F. Damania, M.D., examined Plaintiff and diagnosed him with: (1) diabetes mellitus insulin dependent; (2) gross varicose veins in the left leg with no complications; (3) poor vision in both eyes with no improvement post-cataract surgery in the left eye, and pending cataract surgery in the right eye; and (4) diabetic peripheral neuropathy, subjectively. AR 452–457.

Dr. Damania determined that Plaintiff can lift and carry fifty pounds occasionally and twenty-five pounds frequently; can sit, stand, and walk without restriction; has no postural limitations; has no manipulative limitations; and has some visual impairment. AR 457.   A second state agency medical consultant, G. Spellman, M.D., concurred with Dr. Damania that Plaintiff could perform the full range of medium work and found no established visual, postural, or manipulative limitations. AR 460–61.

///

///

4

**D.     The ALJ's Decision**

After considering the complete medical history consistent with 20 CFR 416.912(d), and after careful consideration of all of the evidence, the ALJ concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act since December 10, 2009, the date the application was filed. AR 16. Applying the Social Security Administration's five-step sequential evaluation process, the ALJ made the following findings:

1.   Plaintiff has not engaged in substantial gainful activity since December 10, 2009, the application date (20 CFR 416.971 *et seq.*);

2.   Plaintiff suffers from severe impairments—diabetes mellitus (insulin dependent), cataracts causing poor vision, bilateral shoulder tendonitis, and pain (20 CFR 416.920(c));

3.   Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, App. 1 (20 CFR 416.920(d), 416.925 and 416.926);

4.   Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined on a function-by-function basis in 20 CFR 416.967(b);

5.   Plaintiff is capable of performing past relevant work as a cleaner—this work does not require the performance of work related activities precluded by Plaintiff's RFC (20 CFR 416.965);

6.   Plaintiff was born on January 1, 1976, and was 33 years old, which is defined as a younger individual age 18–49, on the date the application was filed (20 CFR 416.963);

7.   Plaintiff has a limited education and is able to communicate in English (20 CFR 416.964). Transferability of job skills is not an issue because Plaintiff's past relevant work is unskilled (20 CFR 416.968);

8.   Plaintiff had not been under a disability, as defined in the Social Security Act, since December 10, 2009, the date the application was filed (20 CFR 416.920(f)).

Accordingly, the ALJ determined that Plaintiff retained the RFC to perform a full range of light work, including his past relevant work as a Cleaner II, as well as other jobs in the national

economy. AR 18–20.  The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.  AR 20.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**

In his sole issue, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discrediting his pain allegations and subjective symptom testimony. (Doc. 13 at 5–8). In response, the Commissioner argues that the ALJ properly assessed Plaintiff's testimony and provided a thorough and accurate summary of the record of evidence. (Doc. 14 at 4–8). A review of the record reveals the

ALJ provided clear and convincing reasons for finding Plaintiff's subjective symptom testimony not credible.

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id.* at 1281. The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) (internal citations and quotation marks omitted) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); Social Security Ruling ("SSR") 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning symptoms, other testimony by the plaintiff that appears less than candid, unexplained or inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment, plaintiff's daily activities, the plaintiff's work record, or the observations of treating and examining physicians. *Smolen*, 80 F.3d at 1284; *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Here, the ALJ found that Plaintiff had four severe impairments, i.e., diabetes mellitus (insulin dependent), cataracts causing poor vision, bilateral tendonitis in the shoulder, and pain. AR 17. The ALJ found Plaintiff's testimony "not generally credible, at least to the extent he would have me believe his functional limitations are far more restrictive than that I have found," because his

allegations are not supported by any significant objective findings. AR 19. This finding satisfied step one of the credibility analysis. *Smolen*, 80 F.3d at 1281-1282.

The ALJ did not find evidence of malingering and thus he was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Id.* at 1283-1284; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (as amended). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence. *Bunnell*, 947 F.2d at 343; SSR 96-7. Moreover, it is not sufficient for the ALJ to make general findings; he must state which testimony is not credible and what evidence in the record leads to that conclusion. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993); *Bunnell*, 947 F.2d at 345–46.

Here, the ALJ conducted a thorough review of the record and made five credibility findings. First, the ALJ adequately summarized the record with respect to Plaintiff's hand pain and concluded, "there is a significant lack of support for the [Plaintiff's] allegation relating to his hand pain and the alleged debilitating effect it has on his ability to sustain work-related activities." AR 18. Plaintiff cites *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991), which states that the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence.  While Plaintiff correctly states that a lack of objective medical evidence supporting a Plaintiff's subjective complaints cannot provide the only basis to reject a claimant's credibility, it is one factor that an ALJ can consider in evaluating symptom testimony. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The only objective medical evidence in the record supporting Plaintiff's alleged disabling hand pain is Plaintiff's June 2011 hand X-ray, which revealed "some joint narrowing, with no fracture, dislocation or other abnormality." AR 18. The ALJ found "no mention of any functional limitation relating to his right hand." AR 18. Further, as Plaintiff testified at the hearing, his hand pain is well controlled by Ibuprofen. AR 18. Therefore, the ALJ correctly concluded that, because of the "lack of any significant objective findings relating to the functional limitation associated with [Plaintiff's] complaint of hand pain," Plaintiff's subjective symptom statements are not supported by the record.   AR 18.

Second, the ALJ found that the "unremarkable results of the physical examination performed by Dr. Damania belie Plaintiff's allegations." AR 19. Plaintiff failed to produce any treating physician evidence for the ALJ to consider, and as a result the ALJ could only rely on the opinions of the two State agency doctors—internist consultant Dr. Rustom Damania, M.D., and medical examiner G. Spellman, M.D. AR 19. Dr. Damania found that Plaintiff could perform the full range of medium work—lifting fifty pounds occasionally and twenty-five pounds frequently—with some visual impairment but with no manipulative or postural limitations. AR 457. Dr. G. Spellman agreed with Dr. Damania that Plaintiff is capable of performing the full range of medium work. AR 459–63. The ALJ viewed the evidence in the light most favorable to Plaintiff, giving Plaintiff the benefit of the doubt with respect to his testimony of pain and limitations, and concluded that Plaintiff is capable of the full range of light work. AR 19. The ALJ thus correctly determined that substantial evidence supports the finding that the physical examination performed by Dr. Damania outweighs Plaintiff's allegations.

Third, the ALJ found that Plaintiff's "pain is reduced significantly by taking only Ibuprofen for pain relief, with good results." AR 19. Indeed, Plaintiff testified that his pain is reduced from eight to three on a ten-point scale with over-the-counter medication. AR 66–67. While Plaintiff cites three cases from other circuits—precluding statements referring to individuals "doing well" or being "stable" from serving as evidence of their ability to work—this court is not persuaded as these cases refer strictly to mental disorders. Mitigation of pain can appropriately serve as a contributing factor in the ALJ's credibility determination. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding impairments that are effectively controlled with medication not disabling). Substantial evidence supports the ALJ's determination that Plaintiff's pain is reduced significantly by taking Ibuprofen, and that finding may properly serve to discredit Plaintiff's subjective testimony.

Next, the ALJ found that Plaintiff exercises and goes outside while in prison. AR 19. Plaintiff also receives no special accomodations while in prison. AR 70–71. While it is true that "limited walking for exercise" does not detract from Plaintiff's testimony as to overall disability, Plaintiff exercises generally and did not testify to being limited to any specific regimen. AR 19. The ALJ may properly discount Plaintiff's credibility based on daily activities. *Orn v. Astrue*, 495 F.3d at 638. The ALJ was referencing Plaintiff's activities in prison generally, including his ability to sit through a

three-hour afternoon class. AR 18, 75. Thus, the ALJ's finding that Plaintiff's participation in standard exercise and outside activities undermines Plaintiff's credibility is a clear and convincing reason for discrediting Plaintiff's subjective allegations of disabling pain.

Finally, the ALJ considered the fact that Plaintiff takes his insulin regularly to control his diabetes. AR 19. As the Commissioner correctly notes, the record reflects Plaintiff's debilitating weakness and fatigue only when he is not compliant with his medication. AR 397, 406, 413–414, 416–417, 437, 440, 453, 545, 552.  Plaintiff, while in prison, is on a consistent regimen of insulin for his diabetes, thus he is less likely to experience the level of symptoms that have persisted in the past. This finding is also supported by substantial evidence. *See Warre*, 439 F.3d at 1006 (finding impairments effectively controlled by medication not disabling for purposes of SSI benefits).

In sum, the ALJ's reasons for discounting Plaintiff's subjective symptom complaints were sufficiently clear and convincing to allow this Court to conclude that the ALJ discounted Plaintiff's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony regarding pain.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Anthony Raul Guerrero.


IT IS SO ORDERED.

Dated:   **June 10, 2015**                        /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE